**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| FERDEE MORRIS, | : | Case No. 3:19-cv-00056 |
| Plaintiff, | : | District Judge Walter H. Rice |
| | : | Magistrate Judge Sharon L. Ovington |
| vs. | : | |
| AMAZON.COM SERVICES, INC., and John/Jane Does x100, | : | |
| Defendants. | : | |

# REPORT AND RECOMMENDATIONS[1]

Plaintiff Ferderee Morris filed a *pro se* Complaint in the Butler County, Ohio Court of Common Pleas, asserting that her former employer Defendant Amazon.com Services, Inc. (Amazon) discriminated against her in violation of the Americans with Disabilities Act (ADA). Amazon removed the case to this Court and has since filed a Motion to Dismiss Plaintiff's Complaint. (Doc. #6). Amazon contends that dismissal of Plaintiff's Complaint under Fed. R. Civ. P. 12(b)(6) is warranted because it fails to state a plausible ADA claim.

On March 28, 2019, the Court notified Plaintiff that Amazon had filed a Motion to Dismiss and that her response to it was due by April 18, 2019. (Doc. #7). The Notice also informed Plaintiff that if she failed to file a timely response to Amazon's Motion to Dismiss, the Motion may be granted and her case dismissed. *Id*. The Court later granted

---

[1] Attached is a NOTICE to the parties regarding objections to this Report and Recommendations.

Plaintiff an extension of time to respond to May 28, 2019. This provided Plaintiff with roughly an additional month to file her response to Amazon's Motion. Plaintiff did not file a timely response to Amazon's Motion to Dismiss, and she has not participated in this case since filing her Motion for Extension of Time three months ago.

District courts have the inherent power to dismiss civil actions for want of prosecution to "manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962). Plaintiff's failure to respond to Amazon's Motion to Dismiss leaves the record void of any explanation by her for not filing a Memorandum in Opposition or other response to Amazon's Motion. Her silence, moreover, after the Court granted her Motion to Extend Time to Respond to Amazon's Motion leaves the record void of any reason for her failure to prosecute. In light of these circumstances, dismissal of this case is warranted due to her failure to prosecute. *See id.*

Additionally, Plaintiff's failure to respond Amazon's Motion to Dismiss indicates that she has waived and abandoned her claims against Amazon. *See Shoup v. Doyle*, 974 F.Supp.2d 1058, 1081 (S.D. Ohio 2013) (Rice, D.J.) (citing and quoting parenthetically *Scott v. Tennessee*, 878 F.2d 382, 1989 WL 72470, at *2 (6th Cir. 1989) ("if a plaintiff fails to respond or otherwise oppose a defendant's motion, then the district court may deem the plaintiff to have waived opposition to the motion."); *see Coley v. State of Ohio Dept. of Rehab.*, 2016 WL 5122559, at *1 (S.D. Ohio 2016) (citing *Humphrey v. U.S. Attorney General's Office*, 279 F. App'x 328, 331 (6th Cir. 2008).

Even if Plaintiff has not waived or abandoned her claims, this case is incorrectly

2

venued. The events Plaintiff describes in her Complaint, or at least a substantial part of them, occurred at an Amazon facility in Fairfield in Butler County, Ohio. The case is therefore correctly venued in the Southern Division of this District. *See* 28 U.S.C. §§ 115(b), 1406(b)(2); *see also* S.D. Ohio Civ. R. 82.1(b). "A district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer the case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). The interest of justice would not be served by transferring this case to the Southern Division of this Court because Plaintiff has abandoned or waived her claims and failed to prosecute this case. Dismissal is therefore also warranted for improper venue. *See id*.

**IT IS THEREFORE RECOMMENDED THAT**:

1. Defendant Amazon.com Services, Inc.'s Motion to Dismiss (Doc. #6) be GRANTED; and

2. The case be terminated on the record of this Court.


July 24, 2019                                              *s/Sharon L. Ovington*
                                                                              Sharon L. Ovington
                                                                              United States Magistrate Judge

# NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).