IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

FERDEREE MORRIS,

    Plaintiff,

v.

AMAZON, et al.,

    Defendants.

Case No. 3:19-cv-56

JUDGE WALTER H. RICE

---

DECISION AND ENTRY SUSTAINING PLAINTIFF'S MOTION FOR LEAVE TO FILE DILATORY OBJECTIONS TO MAGISTRATE'S REPORT AND RECOMMENDATIONS (DOC. #11); ADOPTING UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS (DOC. #9) ON DIFFERENT GROUNDS; OVERRULING PLAINTIFF'S OBJECTIONS THERETO (DOC. #11); SUSTAINING DEFENDANT AMAZON.COM SERVICES, INC.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT (DOC. #6); OVERRULING PLAINTIFF'S MOTION TO APPOINT COUNSEL (DOC. #10); DISMISSING PLAINTIFF'S CLAIMS WITHOUT PREJUDICE; JUDGMENT TO ENTER IN FAVOR OF DEFENDANTS AND AGAINST PLAINTIFF; TERMINATION ENTRY

---

This matter is currently before the Court on United States Magistrate Judge Sharon L. Ovington's Report and Recommendations, Doc. #9, recommending that the Court sustain Defendant Amazon.com Services, Inc.'s Motion to Dismiss Plaintiff's Complaint, Doc. #6. Also pending are Plaintiff's Motion to Appoint Counsel, Doc. #10, and Plaintiff's Motion for Leave to File Dilatory Objections to Magistrate's Report and Recommendation, Doc. #11.

I.  Background and Procedural History

*Pro se* plaintiff, Ferderee Morris, filed suit in state court against her former employer, "Amazon," and "John/Jane Does x100," alleging disability discrimination, failure to accommodate, hostile work environment, and retaliation, all in violation of the Americans with Disabilities Act ("ADA"). Amazon.com Services, Inc., the proper Defendant, removed the case to federal court and then filed a Motion to Dismiss, Doc. #6, arguing that Plaintiff had failed to state a plausible ADA claim. Although Plaintiff sought, and was granted, an extension of time, until May 28, 2019, to file a Response, she filed nothing by that deadline and requested no further extensions of time.

On July 24, 2019, Magistrate Judge Ovington issued a Report and Recommendations, Doc. #9, recommending that the Court sustain Defendant's unopposed Motion to Dismiss. She found that Plaintiff had waived and abandoned her claims and recommended that the Complaint be dismissed for failure to prosecute. She further noted that the case should have been removed to the Southern Division at Cincinnati, given that the events giving rise to the claims took place at an Amazon facility in Butler County. Although Magistrate Judge Ovington acknowledged that the Court had authority, under 28 U.S.C. § 1406(a), to transfer the case there, she found that the interest of justice would not be served by doing so, given Plaintiff's failure to prosecute.

Although Plaintiff was notified of her right to file Objections to the Report and Recommendations, and of the consequences of her failure to do so, no

2

Objections were filed within the time allotted. On July 29, 2019, however, Plaintiff did file a document entitled "Reply to Motion to Dismiss and Motion to Appoint Counsel," Doc. #10. The Certificate of Service indicates that this was mailed the same day that the Report and Recommendations were issued. Plaintiff asks the Court for leave to file the late response to the motion to dismiss, citing the need to make several trips to the library. In her "Reply," she argues that if she is allowed to complete discovery, she will be able to prove her ADA claims.

On August 12, 2019, Plaintiff filed a "Motion for Leave to File Dilatory Objections to Magistrate's Report and Recommendation," Doc. #11. Her Objections are included in that one-page filing. She again asks the Court to excuse her late filing and asks that the motion to dismiss be overruled "at least until discovery is completed and a renewed motion may be filed."

On August 23, 2019, Defendant filed a Response to Plaintiff's Objections, Doc. #12.

II. **Analysis**

As noted, Magistrate Judge Ovington recommended dismissing the above-captioned case for want of prosecution and for improper venue. Thereafter, Plaintiff filed her belated memorandum in opposition to the motion to dismiss, along with a motion to appoint counsel. She also filed her motion for leave to file untimely Objections to the Report and Recommendations.

3

**A.**

The Court OVERRULES Plaintiff's Motion to Appoint Counsel, Doc. #10. Although the Court has the option of requesting an attorney to represent someone in a civil case, 28 U.S.C. § 1915(e)(1), this is done only in exceptional circumstances. No such circumstances exist here.

The Court notes that Plaintiff's "Reply" to the Motion to Dismiss was filed two months beyond the extension agreed to by the Court. Although a *pro se* litigant "may be entitled to some latitude when dealing with sophisticated legal issues," her *pro se* status does not excuse her from complying with "readily comprehended court deadlines" of which she is aware. *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). Nevertheless, in the interest of justice, the Court will consider Plaintiff's untimely filing in this case.

The Court also SUSTAINS Plaintiff's Motion for Leave to File Dilatory Objections to Magistrate Judge Ovington's Report and Recommendations, Doc. #11. The Court notes that the Objections were filed only a couple of days late. Again, in the interest of justice, the Court will grant Plaintiff leave to file these Objections and will consider them.

**B.**

The Court must review *de novo* any portion of the Report and Recommendations to which proper Objections have been filed. It may accept, reject or modify the recommended disposition. Fed. R. Civ. P. 72(b)(3).

Here, Plaintiff's only Objection is that she believes that she should be able to complete discovery before her claims are dismissed. The Court OVERRULES this Objection. A complaint must contain sufficient factual allegations, accepted as true, to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).[1] Fed. R. Civ. P. 8(a)(2) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." However, it "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 678-79. Plaintiff is not entitled to discovery unless and until she has stated a plausible claim for relief.

### C.

Magistrate Judge Ovington recommended that the Court dismiss Plaintiff's Complaint for failure to prosecute. The Court agrees that Plaintiff's Complaint must be dismissed, albeit on different grounds. Although the Court will consider Plaintiff's untimely filings, it concludes that Plaintiff has failed to state a claim upon which relief can be granted. Dismissal is therefore warranted under Fed. R. Civ. P. 12(b)(6).

Defendant's Motion to Dismiss, Doc. #6, sets forth numerous reasons why Plaintiff's Complaint fails to state a plausible claim for relief under the ADA,

---

[1] Plaintiff's brief cites *Conley v. Gibson*, 355 U.S. 41, 48 (1957) for the proposition that a motion to dismiss should be granted only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of its claim which would entitle it to relief. The *Conley* standard, however, was abrogated in *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007).

5

whether based on a theory of disability discrimination, failure to accommodate, hostile work environment or retaliation. Plaintiff has failed to address any of these specific arguments, either in her "Reply" to the Motion or in her Objections to the Report and Recommendations. She argues only that she will be able to prove these claims after discovery is completed. For the reasons articulated by Defendant, the Court finds that dismissal of the ADA claims is proper under Fed. R. Civ. P. 12(b)(6).[2]

### III.  Conclusion

The Court OVERRULES Plaintiff's Motion to Appoint Counsel, Doc. #10. The Court SUSTAINS Plaintiff's Motion for Leave to File Dilatory Objections to Magistrate's Report and Recommendations, Doc. #11.

To the extent that Magistrate Judge Ovington recommends dismissal of Plaintiff's Complaint, the Court ADOPTS her Report and Recommendations, Doc. #9, albeit on different grounds, and SUSTAINS Defendant's Motion for Dismiss, Doc. #6. The Court DISMISSES this action WITHOUT PREJUDICE for failure to state a claim.

---

[2] The Court agrees with Magistrate Judge Ovington that this case should have been removed to the Cincinnati Division and that, although this Court has authority to transfer the case there, the interests of justice would not be served by doing so.

Judgment shall be entered in favor of Defendants and against Plaintiff.[3]

The captioned case is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

Date: September 24, 2019

*Walter H. Rice*
WALTER H. RICE
UNITED STATES DISTRICT JUDGE

---

[3] Although Plaintiff also sued numerous John and Jane Doe defendants, it does not appear that any was identified or served with the Summons and Complaint within the time allotted by Fed. R. Civ. P. 4(m). All claims against them are also dismissed without prejudice.